NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Sonny JACKSON,

Plaintiff,

v.

HAMILTON TOWNSHIP, et al.,

Defendants.

Civ. No. 10-3989

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff Sonny Jackson's motion for reconsideration. The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will deny Plaintiff's motion.

BACKGROUND

This case centers on the police chase and subsequent arrest of Plaintiff. On March 24, 2014, this Court entered an Order granting, in part, a motion for summary judgment in Defendants' favor. (Doc. No. 82). On April 7, 2014, Plaintiff moved for reconsideration of this Court's decision with respect to the failure to investigate claim. (Doc. No. 84).

Plaintiff argues that the Court "seriously overlooked the facts relative to the abject failure of the Hamilton Police Department to investigate and make findings of fact relative to citizen complaints." (Doc. No. 84 at 3). Plaintiff reiterates statements put forward in his Counter Statement of Material Facts concerning deficiencies in the training and oversight of Internal Affairs as well as a list of instances in which the Internal Affairs office did not adequately investigate complaints. (*Id*. at 5). Plaintiff also argues that, in light of these failures, the need to

1

take action to control of the agents was so obvious that the policymaker can reasonably be said to have been deliberately indifferent to the need.  (*Id*. at 6).

## DISCUSSION

    a.  <u>Legal Standard</u>

Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice.  *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made.  *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).  Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through.  *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court.  *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

    b.  <u>Analysis</u>

In its previous decision, the Court, taking the facts in the light most favorable to Plaintiff, ruled that no reasonable jury could find that the alleged deficiencies and inactions here rose to the level needed to support a finding of deliberate indifference.  (Doc. No. 82 at 7, 8).  Plaintiff's

brief argues that he put forward sufficient proof of incompetence and investigatory errors that could support a finding of deliberate indifference.  Plaintiff seemingly disagrees with the Court's interpretation of the relevant law and the facts of the present case.  Therefore, the Court finds that Plaintiff has not met the standard for reconsideration.

CONCLUSION

For the reasons stated above, Plaintiff's motion is denied.

<em>Anne E. Thompson</em>
ANNE E. THOMPSON, U.S.D.J.

Dated: 5/12/14